# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JAMES GOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) **Case No.:** |
| v | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| UNITED COLLECTION BUREAU, | ) **JURY TRIAL** |
| INC., | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| Defendant. | ) |

## COMPLAINT

JAMES GOLDEN ("Plaintiff"), by and through his attorneys KIMMEL & SILVERMAN, P.C., alleges the following against UNITED COLLECTION BUREAU, INC. ("Defendant"):

## INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United

States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the State of Ohio; therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Marion, Ohio 43302.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a debt collection company with its headquarters located at: 5620 Southwyck Boulevard, Suite 206, Toledo, OH 43614.

9.      Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

10.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6), who repeatedly contacted Plaintiff in an attempt to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

11.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.     Plaintiff has a cellular telephone that he has had for at least two years.

13.     Plaintiff has only used this phone as a cellular telephone.

14.     Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

15.     Beginning in or around October 2014 and continuing thereafter through November 2016, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempts to collect a medical debt from Ohio Health that was incurred primarily for personal, family or household purposes.

16.     Defendant's calls derived from phone numbers including, but not limited to, the following: (866) 893-7493. The undersigned has confirmed that this phone number belongs to the Defendant.

17.     When placing calls to Plaintiff, Defendant used an automated telephone dialing system and/or pre-recorded voice.

18.     Plaintiff knew Defendant was using an automated telephone dialing

- 3 -

system and/or pre-recorded voice as calls would begin with a recording before the calls were transferred to Defendant's collectors.

19.     Plaintiff also received voice messages with a pre-recorded voice.

20.     During the sixth or eighth call placed from Defendant, Plaintiff told Defendant to stop calling him regarding this alleged debt.

21.     However, Defendant continued to call him on a daily basis.

22.     Once Defendant knew its calls were unwanted there was no purpose to call Plaintiff, other than to harass him.

23.     Plaintiff repeatedly told Defendant to stop calling him regarding this debt through fall 2016.

24.     Once Defendant was informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

25.     Rather than restrict its calls to Plaintiff's cellular telephone, Defendant failed to update its records and continued to call Plaintiff multiple times per day thereafter.

26.     These continued calls were frustrating and annoying for Plaintiff, especially since Defendant would contact him while at work.

27.     After Defendant ignored Plaintiff's requests to stop calling, he downloaded a blocking application to stop their repeated calls.

- 4 -

## COUNT I
## <u>DEFENDANT VIOLATED §§1692 d and d(5)</u>

28.    A debt collector violates § 1692d of the FDCPA  by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

29.    A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

30.    Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff between February 2016 and November 2016 knowing its calls were unwanted during that time.

## COUNT II
## <u>DEFENDANT VIOLATED THE</u>
## <u>TELEPONE CONSUMER PROTECTION ACT</u>

31.    Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

32.    Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation

33.     Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

34.     Plaintiff verbally revoked any prior consent he may have given to Defendant to call her cellular telephone in or around October 2014.

35.     Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

36.     Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, JAMES GOLDEN, respectfully prays for a judgment as follows:

a.     All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b.     Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

PLAINTIFF'S COMPLAINT

c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3);

d.   Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

e.   Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

f.   Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JAMES GOLDEN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: February 23, 2017            By: /s/ Amy L. Bennecoff Ginsburg

Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

- 7 -